IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH JOSEPH BIANCHI, | § | |
|    TDCJ-CID NO.1131367, | § | |
|       Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4068 |
| | § | |
| NATHANIEL QUARTERMAN, Director[1] | § | |
| of the Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
|       Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Ralph Joseph Bianchi, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his felony conviction for tampering with a government document. (Docket Entry No.1). Respondent has filed a motion for summary judgment, seeking dismissal of the petition on the ground that petitioner failed to meet his burden of proof under 28 U.S.C. § 2254(d). (Docket Entry No.9). Petitioner has not filed a response to the motion. After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and dismiss this habeas petition.

I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted by a Harris County, Texas grand jury of the third degree felony offense of tampering with a government document, enhanced by two prior felony convictions. (Docket Entry No.5, Part 2, page 36). A jury in the 185th Judicial District Court of Harris County,

---

[1] Petitioner named Douglas Dretke, Director of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), as respondent. On June 1, 2006, Nathaniel Quarterman succeeded Dretke as Director; therefore, the Court ORDERS the Clerk to substitute Nathaniel Quarterman as respondent in this case.

Texas heard the following evidence in cause number 918726, as summarized by the First Court of Appeals for the State of Texas:

> On May 3, 2002, at approximately 2:00 p.m., appellant went to the customer service department desk at the Sam's Club located on FM 1960 in Houston and attempted to return a computer printer. Mary Profit, a customer service department employee, scanned the printer's UPC code in the store's computer system and found that the printer did not belong to the store's inventory. Profit also discovered that the printer box's label did not belong to any Sam's Club stores. She told appellant that she could not accept the printer for return.
>
> Appellant placed the printer in a shopping cart and walked over to the printer section of the store. A few minutes later, appellant returned to ask Profit a question and then walked out of the store with the shopping cart. As he was walking out of the store, Sam's Club employee Duendra Hobson, who also worked in the customer service department, noticed that the printer in appellant's cart was different than the one he had just attempted to return. Hobson went to the printer aisle and discovered that the same printer appellant had tried to return was now sitting on the store shelf. Hobson reported her findings to Profit, who tried unsuccessfully to find appellant in the store parking lot.
>
> Hobson and the store manager immediately notified Dustin Deutsch, a peace officer with the Houston Fire Department and the store's security guard. Deutsch reviewed the store's surveillance camera videotape and watched appellant commit the theft of the printer.
>
> Approximately four hours later, appellant reappeared at the Sam's Club customer service desk with the stolen printer and attempted to return it to Profit. She refused to accept the printer and notified Deutsch of appellant's return. Deutsch approached appellant and showed him the printer that appellant had previously left in the store. After initially denying knowledge of this printer, appellant said that he might have walked down the printer aisle, looked at another printer for comparison, and "accidentally" swapped the two printers. Deutsch asked appellant if he would accompany him upstairs to the break room to discuss this situation further. Appellant agreed.
>
> In the break room, appellant again told Deutsch that he had "accidentally" swapped the printers. After this discussion, Deutsch believed that appellant was lying and arrested him for the theft of the printer. When Deutsch patted appellant down, he discovered a wallet containing what appeared to be a Texas driver's license with the name of "Richard Willam Becker" and a computer-generated signature. Deutsch discovered that the name, address, and date of birth were different from the information appellant had given at the customer service desk earlier that day. Appellant admitted making the license on his home computer and described it as a "game" and something he played around with. Deutsch further discovered a

2

>counterfeit commercial driver's license with appellant's name as well as his real driver's license.
>
>Appellant then asked Deutsch if Deutsch could check on appellant's dog that was outside in appellant's truck. Deutsch asked appellant if, while he was checking on the dog, he could also search appellant's truck, and appellant agreed on the condition that he could be present. In the cab of the truck, Deutsch found multiple gift cards, receipts for gift cards, and receipts for returned items from Sam's Club, Sears, Lowe's, Home Depot, and Office Max. The receipts totaled approximately $7,500. Deutsch also found items that had been bought with credit from returns from these stores.
>
>Deutsch then looked in the bed of the truck and testified that he noticed a "partially opened black bag" and saw a "good portion of" an 8x11 color reproduction of a driver's license with appellant's name on it. Deutsch testified that he recognized the document as a "voided out Texas driver's license" and knew that it was illegal to have one. At that point, appellant told Deutsch to stop searching; however, Deutsch continued to search the bag. In the bag, Deutsch discovered multiple checks drawn on Compass Bank with American Moving Lines as payor and Richard William Becker as payee. Deutsch also found several driver's licenses in various stages of completion. He also discovered evidence of appellant practicing alternate signatures. Appellant again said that these documents were a result of his "playing around" with his computer.
>
>After a consensual search of appellant's alleged residence and a search of his actual residence pursuant to a search warrant, appellant was arrested for felony tampering with a government document under Texas Penal Code section 37.10.

(Docket Entry No.5, Part 3, pages 2-14; *Bianchi v. State*, No.01-02-01130-CR, 2004 WL 549565 (Tex. App.–Houston [1st Dist.], 2004, pet. ref'd)). The jury found petitioner guilty as charged and assessed an enhanced sentence of confinement for life in TDCJ-CID. (Docket Entry No.5, part 2, pages 38-39).

In an unpublished opinion, the First Court of Appeals for the State of Texas affirmed the conviction. (Docket Entry No.5, Part 3, pages 2-14; *Bianchi v. State*, No.01-02-01130-CR, 2004 WL 549565 (Tex. App.–Houston [1st Dist.], 2004, pet. ref'd)). The Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Entry No.1). Petitioner also filed a state habeas application. (Docket Entry No.5, Part 1, pages 8-40; Part 2, pages 2-9; *Ex parte Bianchi*,

3

Application No.918726-A). The state district court entered findings of fact and conclusions of law and recommended that relief be denied. (*Id.*, Part 2, pages 27-29). The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. (*Id.*, Part 1, page 3; *Ex parte Bianchi*, Application No.61,989-01 at cover).

In the pending petition, petitioner seeks federal habeas relief on the following grounds:

1. His sentence is illegal because there was insufficient evidence to support a felony conviction under section 37.10 of the Texas Penal Code;

2. The state district court lacked jurisdiction to sentence petitioner; and,

3. He was denied the effective assistance of counsel at trial and on appeal.

(Docket Entry No.1).

Respondent moves for summary judgment on grounds that petitioner has failed to meet his burden of proof under 28 U.S.C. § 2254(d), that his claims of insufficient evidence are procedurally barred, and that his remaining claims are without merit. (Docket Entry No.9).

## II. STANDARD OF REVIEW

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative

evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a petition for discretionary review and a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in the petition for discretionary review and state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2).  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness."  *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning."  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  To be unreasonable, the state decision must be more than merely incorrect.  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

6

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

III. ANALYSIS

A. Jurisdiction, Conviction, Sentence

Petitioner was charged with and convicted of the third degree felony offense of tampering with a governmental record pursuant to section 37.10(a)(2) of the Texas Penal Code. Section 37.10 provides, in pertinent part, that a person commits the offense of tampering with a governmental record if he "makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record." TEX. PEN. CODE ANN. §

7

37.10(a)(2) (Vernon Supp. 2006). An offense under this section is a Class A misdemeanor unless the governmental record was a "license, certificate, permit, seal, title, letter of patent, or similar document issued by government, by another state, or by the United States." *Id.* § 37.10(c)(2). In that case, the offense is a third degree felony. *Id.* Under this framework, the grand jury charged petitioner with unlawfully, intentionally and knowingly making and possessing a governmental record, *i.e.*, a Texas driver's license, with knowledge of its falsity and with the intent that it be taken as a genuine governmental record. (Docket Entry No.5, Part 2, page 36).

Petitioner does not dispute that a driver's license is a governmental record. *See* TEX. PEN. CODE ANN. § 37.01(2)(c) (Vernon 2005). Petitioner argues that the driver's licenses in this case were not governmental records because they were created and produced on his home computer and were not issued by the State of Texas. (Docket Entry No.1). Petitioner maintains that a felony offense under 37.10(c)(2) requires that a government record be a document issued by the government as a result of false statements or illegally issued by the unlawful actions of public servants. (*Id*.). He argues because the State proved that petitioner had manufactured counterfeit licenses on his home computer no rational fact-finder could have found that he committed third degree felony tampering with a governmental document. (*Id.*).

Instead of proving a felony offense, petitioner claims that the State presented evidence that he committed a Class C misdemeanor pursuant to section 521.456(c) of the Texas Transportation Code, which provides the following:

> A person commits an offense [of delivery or manufacture of counterfeit instrument] if the person possesses with the intent to use, circulate, or pass a forged or counterfeit instrument that is not printed, manufactured, or made by or under the direction of, or issued, sold, or circulated by or under the direction of, a person, board, agency, or authority authorized to do so under this chapter or under the laws of the United States, another state, or a Canadian province.

8

TEX. TRANS. CODE ANN. § 521.456 (Vernon 1999). Petitioner claims because the evidence presented at trial showed that he committed only a misdemeanor, punishable by fine, the state district court lacked jurisdiction to sentence him on a felony conviction and the life sentence assessed by the jury exceeded the punishment authorized by law. (Docket Entry No.1).

1. Sufficiency of the Evidence to Support the Felony Conviction

Respondent argues that petitioner's challenge to the sufficiency of the State's proof supporting his conviction is procedurally barred. (Docket Entry No.9). Federal review of a claim is procedurally barred if the last state court to consider the claim clearly based its denial of relief on procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-04 (1991). In this case, the state habeas court relied upon *Ex parte Christian*, 760 S.W.2d 659, 660 (Tex. Crim. App. 1988), and recommended that state habeas relief be denied because petitioner's "challenge to the sufficiency of the 'jurisdictional elements' is not cognizable in post-conviction habeas proceedings." (Docket Entry No.5, Part 2, pages 27-28; *Ex parte Bianchi*, Application No.918726-A at 60). The state habeas court also found that petitioner's "general claim that he was denied due process because the State failed to prove each and every element of his conviction with 'sufficient evidence' is not cognizable in post-conviction habeas proceedings." (*Id.*). This finding by the state habeas court is the last reasoned opinion to rest its judgment on the procedural default. Accordingly, petitioner's sufficiency-of-the-evidence claim is barred under the doctrine of procedural default unless the petition can show that he fits within an exception to that rule. *Id.*

Violation of a "firmly established and regularly followed" state rule is adequate to foreclose review of a federal claim under the doctrine of procedural default. *Lee v. Keman*, 534 U.S. 362 (2002). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred

9

unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).

Petitioner does not allege that he is actually innocent or that he otherwise fits within the fundamental miscarriage of justice exception. Therefore, he must demonstrate both cause and actual prejudice to avoid the procedural bar. The United States Supreme Court has held that "the existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. "Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000).

Ineffective assistance of counsel may, in some circumstances, constitute cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "Not just any deficiency will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Id.* "In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is itself an independent constitutional claim." *Id.* (emphasis in original).

As discussed *infra*, the Court has considered petitioner's claims of ineffective assistance of counsel and concluded that he has no valid claim concerning his counsel's effectiveness at trial or

10

on appeal. Absent an independent claim for ineffective assistance of counsel, petitioner has failed to demonstrate cause for his procedural default. Accordingly, his claim that the evidence is insufficient to support his conviction for a third degree felony offense is barred.

2. Illegal Sentence

Respondent also argues that petitioner's complaint that his life sentence exceeded the punishment authorized by law is also procedurally barred. (Docket Entry No.9).

Petitioner does not claim that his life sentence is excessive because the state district court wrongfully admitted evidence of the prior convictions alleged in the enhancement paragraphs or that the sentence was excessive as enhanced for a third degree felony conviction. Petitioner claims the sentence was excessive because the State failed to prove the driver's licenses were government issued and therefore, failed to prove that he committed a third degree felony offense. (Docket Entry No.1). Petitioner's complaint is another attack on the sufficiency of the evidence and therefore, is procedurally barred.

3. Jurisdiction

Respondent next argues that petitioner's claim that the state district court did not have jurisdiction to sentence petitioner is without legal merit, and alternatively, that petitioner's claim regarding the court's jurisdiction is procedurally barred. (Docket Entry No.9).

Article 4.06 of the Texas Code of Criminal Procedure provides that "[u]pon the trial of a felony case, the court shall hear and determine the case as to any grade of offense included in the indictment, whether the proof shows a felony or a misdemeanor." TEX. CODE CRIM. PROC. ANN. art. 4.06 (Vernon 2005). In other words, a state district court does not lose jurisdiction when the indictment charges a felony offense but the proof at trial establishes only a misdemeanor offense; the state district court having acquired jurisdiction in such character of the case, can retain it to its final

11

termination. *Robles v. State*, 38 Tex. 81, 41 S.W.620 (1897); *Mueller v. State*, 119 Tex. 628, 43 S.W.2d 589 (1931). In this case, petitioner was charged by indictment with a third degree felony offense. Regardless of whether the State proved that he committed the offense as charged or proved that he committed only a misdemeanor, the state district court had jurisdiction to sentence petitioner.

To the extent that petitioner complains that the state district court lacked jurisdiction to sentence him because the State failed to prove that he committed a felony offense, petitioner's claim is yet another challenge to the sufficiency of the evidence to support the conviction and is procedurally barred for the reasons previously discussed.

B. Ineffective Assistance of Counsel

Petitioner also contends that he was denied the effective assistance of counsel at trial and on appeal. He claims that before trial, he thought that section 37.10 of the Penal Code and section 521.456 of the Transportation Code were *in pari materia;*[2] therefore, he asked his trial counsel to file a motion to quash the indictment on the ground that he was not charged under the correct statute. (*Id.*). The record shows that his trial counsel filed two motions to quash. In the first, trial counsel argued that the indictment failed to allege a criminal offense. (Docket Entry No.5, Part 3, page 13, *Bianchi v. State*, No.01-02-01130-CR, slip opinion at 12-13 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd)). In the second, trial counsel argued that the charging instrument and the underlying statute were vague, the indictment was pled under the wrong subsection, and it failed to give petitioner notice of his offense. (*Id.*). The First Court of Appeals for the State of Texas held that neither motion raised an objection that section 37.10 of the Texas Penal Code and section 521.456

---

[2] "[*I*]*n pari materia* means on the same matter or subject. . . . Under the *in pari materia* principle of statutory construction, two statues with similarity of purpose must be harmonized if possible. . . . This common law doctrine has been codified." (Docket Entry No.5, Part 3, page 11; *Bianchi v. State*, No.01-02-01130-CR, slip opinion at n. 5 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd) (citations omitted).

12

of the Texas Transportation Code were *in pari materia*. (*Id*., page 14). Petitioner maintains to the extent that the statutes are *in pari materia*, his trial counsel was ineffective for failing to file a proper motion to quash on that basis. (Docket Entry No.1).

Petitioner claims that he no longer believes that the statutes are *in pari materia*. (*Id*.). He believes that he should have been charged with the manufacture and possession of counterfeit instruments under section 521.456(c) of the Texas Transportation Code because the license he possessed was not issued by the government; it was created on his home computer and therefore was a counterfeit document. (*Id.*). He complains that neither his trial nor appellate counsel understood that he was charged under the wrong statute and therefore, they both were ineffective. (*Id.*). He also complains that his trial counsel was ineffective because he did not move to quash the indictment on the ground that petitioner was charged under the wrong statute. (*Id.*). He further complains that his appellate counsel was ineffective because he did not understand the law and therefore, he did not challenge the sufficiency of the evidence on ground that documents were not government issued. (*Id.*).

1. Trial Counsel

Respondent moves for summary judgment on the ground that petitioner fails to overcome the state habeas court's finding that his trial counsel was not ineffective for failing to move to quash the indictment on grounds that petitioner was charged under the correct statute and that sections 37.10 of the penal code and 521.456 of the transportation code are *in pari materia*.[3] (Docket Entry No.9).

---

[3] The state habeas court found that petitioner failed to show that his counsel's conduct was deficient or that he was prejudiced by the alleged deficiency. (Docket Entry No.5, Part 2, page 28, *Ex parte Bianchi*, at 81). The state habeas court further found that petitioner failed to state sufficient facts to show that his trial counsel was defective for failing to file pre-trial motions alleging that the indictment was defective and the doctrine of *in pari materia*. (Docket Entry No.5, Part 2, page 28; *Ex parte Bianchi* at 81).

13

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined

when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner fails to show that he was denied the effective assistance of counsel at trial because that trial counsel did not move to quash the indictment on ground that petitioner was not charged under the correct statute or that the two statutes were *in pari materia*.[4] Petitioner has not shown that there was a deficiency in the formal charging instrument approved by the grand jury.[5] In that respect,

---

[4] Petitioner states no facts and makes no arguments to show that the statutes are *in pari materia*; therefore, he fails to show that his trial counsel was ineffective because he failed to file a proper motion to quash the indictment on that basis.

[5] In Texas, a charging instrument may be attacked either on grounds of substance or form, or both. A defect of form is a failure to allege facts sufficient to give the accused adequate notice of precisely what he is charged with. *See* TEX. CODE CRIM. PROC. ANN. arts. 21.03, 21.04, 27.09 (Vernon 2006). A defect of substance, however, is the absence of a requisite element of the offense. *See* TEX. CONST. art. V, § 12; TEX. CODE CRIM. PROC. ANN. art. 21.01 (Vernon 1989). Petitioner does not complain that the indictment failed to give adequate notice or that an element of the offense was missing. Petitioner determined the driver's licenses at issue were not government documents under section 37.10(c)(2) for purposes of elevating the offense to a third degree felony by relying on definitions from the Texas Transportation Code. Based on these definitions, he determined the State could not prove its case under subsections 37.10(a)(2) and (c)(2) but could prove a misdemeanor offense against him under section 521.456 of the Texas Transportation Code. Therefore, he concluded that he should have been charged with an offense under the transportation code

petitioner has not shown that the indictment fails to comport with Texas law[6] or that his counsel had a valid objection to make. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994). Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, petitioner fails to demonstrate deficient performance or actual prejudice. *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim") (citations omitted). Accordingly, petitioner fails to show that he received ineffective assistance of counsel in connection with any failure to object to the charging instrument.

2. Appellate Counsel

Petitioner claims that his appellate counsel did not understand that section 37.10(c)(2) requires that a governmental record, *i.e.*, a driver's license, to be issued by the government. (Docket Entry No.1). Petitioner claims the evidence at trial showed that none of the counterfeit instruments were Texas driver's licenses; they only purported to be.[7] (*Id.*). Therefore, he argues, the documents

---

instead of the penal code. In short, petitioner alleges that his trial counsel was ineffective because he did not move to quash the indictment on the ground that the State could not prove its case against petitioner under subsections 37.10(a)(2) and (c)(2) of the Texas Penal Code but could prove a case under section 521.456 of the Texas Transportation Code. Texas has no pretrial procedure enabling a criminal defendant to challenge, or a trial court to determine, the sufficiency of the evidence on an element of the charged offense. *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994).

[6] The indictment charging petitioner with tampering with a governmental document tracked the language of subsections 37.10(a)(2) and (c)(2) of the Texas Penal Code. Generally, an indictment which tracks the statutory language will survive a motion to quash, unless the statutory language is not completely descriptive of the offense. *Olurebi v. State*, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994). In such case, additional specificity will be required in the face of a timely motion to quash. (*Id.*). Petitioner has not alleged that the indictment was not descriptive of the offense.

[7] Petitioner indicates that the notes included under section 521.456 of the Texas Transportation Code, state that "a document purporting to be a license is not a license, it is a forgery." (Docket Entry No.1). He further indicates that the same section provides that a counterfeit instrument is not issued by or under the

16

did not fall into the class of documents necessary to elevate the offense to a felony. (*Id.*). By implication, petitioner argues that his appellate counsel did not challenge on direct appeal the sufficiency of the evidence to support his conviction because he did not understand that section 37.10(c)(2) required the driver's licenses at issue to be government issued and not counterfeit documents. Petitioner also claims he was harmed because he is in prison "when no rational factfinder could have found true the statutory and descriptive averments of the indictment and statute." (*Id*.).

Respondent maintains that petitioner does not show that his appellate counsel was ineffective for failing to understand and to raise on direct appeal an issue regarding the elements of section 37.10(a)(2) of the Texas Penal Code. Respondent claims that petitioner does not identify which defenses his counsel failed to raise as a result of his lack of understanding and that these defenses are clearly stronger than the issues his appellate counsel raised on direct appeal. (Docket Entry No.9).

An accused is constitutionally entitled to effective assistance of counsel on direct appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387 (1985). Claims of ineffective assistance of counsel are determined by the same standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Because an appellate counsel is not required to raise every nonfrivolous claim on appeal, but may select from among them in order to maximize the likelihood of success on appeal, it is difficult to demonstrate the incompetency of counsel when a brief on the merits is filed. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). The presumption of competency is overcome "'only when ignored issues are clearly stronger than those presented.'" *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.

---

direction of a person, board, or agency, or authority authorized to do so. (*Id*.).

1986)). Petitioner must also demonstrate prejudice, that is, he must show a reasonable probability that, but for his counsel's failure to file claims on the ignored issues, he would have prevailed on his appeal. *Id.* at 286.

In this case, petitioner has not shown that his interpretation of what constitutes a document under section 37.10(a)(2) is authoritative. A plain reading of section 37.10(a)(2) does not support petitioner's interpretation of the elements of the felony offense. Section 37.10(a)(2) criminalizes the use of "any record, document, or thing" with knowledge of the record, document or thing's falsity and with the intent that the record, document, or thing be taken as a genuine governmental record. TEX. PEN. CODE ANN. § 37.10(a)(2) (Vernon Supp. 2006); *see Mendoza v. State*, No. 05-05-00476-CR, 2006 WL 1629762, n.1 (Tex. App.-Dallas, 2006, no pet.).

Because he fails to cite any authority supporting his interpretation of the elements of section 37.10(a)(2), petitioner fails to show that his appellate counsel did not understand the law or that a sufficiency challenge on this ground was stronger than the issues that his appellate counsel presented on direct appeal. Without authority to support his interpretation of section 37.10(a)(2), petitioner also fails to show that he would have prevailed on this issue had it been raised on direct appeal.

IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

V. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.9) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. This habeas action is DISMISSED with prejudice.

5. All pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on this 25th day of September, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE